KAREN A. OVERSTREET
Chief Bankruptcy Judge
United States Courthouse
700 Stewart St., Suite 6310
Seattle, WA  98101
206-370-5330

IN THE BANKRUPTCY COURT OF THE UNITED STATES FOR
THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| MICHAEL A. KERR and DAWNA L. KERR, | ) ) | Case No. 06-12302 |
| | ) | |
| Debtors. | ) | |
| _____ | ) ) | |
| In re | ) | Chapter 7 |
| | ) | |
| STEPHANIE M. KALLBERG, | ) | Case No. 06-12881 |
| | ) ) | **MEMORANDUM DECISION APPLYING SECTION 707(b)** |
| Debtor. | ) ) | **TO CASES CONVERTED FROM Chapter 13 TO Chapter 7** |
| _____ | ) | |

These two matters came before the Court for hearing on June 1, 2007. Both cases involve the same legal issue and are addressed together in this opinion. In both cases the debtors initially filed voluntary petitions under Chapter 13 and subsequently converted to Chapter 7. After conversion, the Bankruptcy Court Clerk's office generated orders to show cause for dismissal due to the debtors' failure to file a new means test Form B22A post conversion as required by Local Interim

Memorandum Decision - 1

Bankruptcy Rule ("LIBR") 1007-1(b).[1]

In their responses, the debtors challenged LIBR 1007-1(b) and denied that they were required to file Form B22A in a converted case. The Court requested the United States Trustee ("UST") to file a responsive brief in each of the cases. Because this is a matter of first impression in this district, the Court took the matter under advisement. Upon further review of the pleadings and record herein the Court issues this Memorandum Decision.

### I. FACTUAL BACKGROUND

Ms. Kallberg filed a Chapter 13 petition on August 25, 2006. At the same time, she filed a Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Form B22C) which showed that she was an above-median income debtor for purposes of Section 1325(b) with monthly disposable income of $218.08 (Line 50, Form B22C). Her Chapter 13 plan proposed monthly payments of $670 over 60 months. Ms. Kallberg is a real estate agent working on commission. She was not able to confirm a Chapter 13 plan or pay her monthly plan payments. On February 5, 2007, she filed a motion to convert her case to Chapter 7, and the order of conversion was signed on March 22, 2007. There is

---

[1] Unless otherwise indicated, all Code, Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§101 *et seq.* and to the Federal Rules of Bankruptcy Procedure **[Interim]**, Rules 1001 *et seq.*

Memorandum Decision - 2

no dispute that Ms. Kallberg's debts are primarily consumer debts.

Mr. and Ms. Kerr filed a Chapter 13 petition on July 17, 2006. The Kerr's Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Form B22C) reported that they were above-median income debtors with monthly disposable income of $5,977.06 (Line 58, Form B22C). The Kerrs confirmed a Chapter 13 plan on November 20, 2006, requiring plan payments of $5,500 per month. They subsequently experienced economic problems, however, and were unable to continue their plan payments. Their case was converted to Chapter 7 on March 27, 2007. It is undisputed that the Kerrs' debts are primarily consumer debts.

## II. ISSUES

There are three issues before the Court: (1) Whether the presumption of abuse under Section 707(b)(1) applies in a case converted from Chapter 13 to Chapter 7; and if so (2) whether Form B22A (Chapter 7 means test form) must be filed after conversion to Chapter 7 pursuant to Section 521(a)(1)(B)(ii), Interim Rule 1007(b)(4), and LIBR 1007-1(b); and if so (3) whether the amounts for income and expenses required to be inserted in Form B22A should be determined by reference to the original petition date or the date of conversion.

Memorandum Decision - 3

### III. JURISDICTION

This Court has jurisdiction over the pending matters, and these are core proceedings. 28 U.S.C. §§ 1334, 1408; 28 U.S.C. §157(b)(2)(A).

### IV. ANALYSIS

These cases were filed after the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") and are therefore subject to the "means test" provisions of the statute. Under BAPCPA, Chapter 7 debtors with primarily consumer debts are required to complete and file a statement of current monthly income, also referred to as the "means test" form. 11 U.S.C. §521(a)(1)(B)(v). If the calculations in the means test form show that 1) the debtor's monthly disposable income is at least $166.67 per month, or 2) the debtor's monthly disposable income is at least $100 and would be sufficient to pay at least 25% of the non-priority unsecured claims in the case, then pursuant to Section 707(b)(2), the debtor's bankruptcy filing is presumed to be an abuse of the bankruptcy system and is subject to dismissal on motion of the UST or any party in interest. 11 U.S.C. §707(b)(1). To avoid dismissal, a debtor unable to rebut the presumption of abuse may consent to conversion to Chapter 13. As one commentator has stated,

> BAPCPA eliminates the old §707(b) presumption in favor of the debtor's choice of Chapter 7, and replaces it with a new presumption, generated by

Memorandum Decision - 4

|   |   |
|---|---|
| 1 | the means test, that Chapter 7 relief is an "abuse" in cases where the debtor appears to have sufficient debt-paying ability. |
| 2 | |

Eugene R. Wedoff, *Means Testing in the New §707(b)*, 79 Am. Bankr. L. J. 231, 234 (Spring, 2005).

The debtors in these cases do not dispute that had they filed their cases initially under Chapter 7, their cases would have been presumed abusive because their monthly disposable income exceeds the threshold described above. Because they have already tried and failed in their Chapter 13 cases, however, they argue that the presumption of abuse under Section 707(b) should not apply to them.

**A.** **Statutory Analysis of Section 707(b)**.

The debtors' argument that Section 707(b) is inapplicable to converted cases depends upon their interpretation of the following language: "[T]he court...may dismiss a case **filed** by an individual debtor **under this chapter...**if it finds that the granting of relief would be an abuse of the provisions of this chapter. " 11 U.S.C. § 707(b)(1)(emphasis added). They interpret "filed under this chapter" to refer only to cases that are initially filed under Chapter 7. Because their cases were initially filed under Chapter 13, they contend that Section 707(b) is not applicable. The UST argues that the phrase "under this chapter" modifies the word "case," such that the plain meaning of the statute is to apply Section 707(b) to all "case[s] ... under this chapter" involving debtors who owe primarily

Memorandum Decision - 5

consumer debts.

There are only two reported cases addressing the issues before the Court. The first case, *In re Perfetto*, 361 B.R. 27 (Bankr. D. R.I. 2007), rejected the debtors' narrow reading of Section 707(b) and held that a debtor whose case is converted from Chapter 13 to Chapter 7 is subject to the means test and is required to file Form B22A after conversion of the case. The facts in that case, however, were strong motivation for the court's decision; the debtor converted her case to Chapter 7 just two weeks after she filed the Chapter 13 petition, without any evidence of a change in her financial circumstances. Understandably, the court was sympathetic to the UST's argument that "the Debtor's interpretation, if accepted, would create a procedural charade wherein debtors could evade the means test by filing a Chapter 13 petition, then immediately converting the case to Chapter 7, and avoiding scrutiny under Section 707(b)." *Id.* at 30.

In the second case to address the issues, *In re Fox*, __B.R. __, 2007 WL 1576140 (Bankr. D. N.J., June 1, 2007), the facts were more sympathetic to the debtor and the court reached the opposite result from *Perfetto*. In *Fox*, the debtor converted her case to Chapter 7 three months after filing a Chapter 13 because she was laid off from her job. On these facts, the court held that Congress, in enacting changes to Section 707(b), intended only that the means test provisions be applied to cases

Memorandum Decision - 6

*originally* filed under Chapter 7.

This Court finds *Perfetto*'s construction of the applicable statutes and rules more persuasive. The debtors' argument construes Section 707(b) too narrowly, and even that narrow construction does not support the sweeping conclusion that the phrase "filed by an individual under this chapter" insulates debtors in converted cases from scrutiny for filing abuse.

Prior to BAPCPA, Section 707(b) was applied without question in cases converted from Chapter 13 to Chapter 7. *See*, *e.g.*, *In re Morris*, 153 B.R. 559, 563-65 (Bankr. D. Or. 1993)(case converted from Chapter 13 to Chapter 7 dismissed under Section 707(b)); *In re Traub*, 140 B.R. 286, 291 (Bankr. D. N.M. 1992)(dismissal under Section 707(b) of a case converted from Chapter 11 to Chapter 7). Despite the major amendments to Section 707(b) under BAPCPA, the phrase at issue here was not changed.

Webster's Dictionary defines "filed" as "to put or keep (*e.g.*, papers) in useful order" or "to enter (*e.g.*, a legal document) on public official record." *Webster's II New Riverside University Dictionary* 477 (1988). Here, in the simplest sense, the debtors' cases were entered on the Court's docket under Chapter 13 by the filing of petitions in bankruptcy. The cases are now entered on the Court's docket under Chapter 7 as a result of the debtors' filing motions for conversion. While the cases were initially *filed* under Chapter 13, they are now *filed* under

Memorandum Decision - 7

Chapter 7. If Congress meant to limit the application of the means test to debtors who initially or originally filed a petition under Chapter 7, that would have been simple to articulate.

Reading Section 707(b) in conjunction with other Code sections further persuades the Court that the debtors in these cases are subject to Section 707(b). Section 348(a) provides:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, ..., does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

In *Perfetto*, the court cited a number of cases for what it described as the proposition that debtors are deemed to have "filed under" the converted chapter as of the date of the filing of the original petition. *In re Perfetto,* 361 B.R. 27, 30 (Bankr. D. R.I. 2007), *citing In re Sours*, 350 B.R. 261, 268 (Bankr. E.D. Va. 2006); *In re Capers*, 347 B.R. 169, 170 (Bankr. D. S.C. 2006); *In re Lyons*, 162 B.R. 242, 243 (Bankr. E.D. Mo. 1993). The court in *Fox* commented that these cases do not directly support that proposition and concluded that Section 348 provides for the contrary. *Fox*, *supra*, at 7, fn 4 ("[Section] 348(a) specifically provides for the contrary and only provides an exception for certain sections of the Code, but does not specifically provide for an exception for § 707(b)." As this Court reads Section 348, however, the clear intent of the section

Memorandum Decision - 8

is to retain the original filing date as the date of the "filing of the petition", "commencement of the case" or "order for relief" except in the circumstances provided for in subsections (b) and (c), where these terms are instead deemed to refer to the conversion date. Because Section 707(b) is not mentioned in either subsection (b) or (c) of Section 348, it follows that the original filing date is retained upon conversion, but the case is otherwise treated as if the debtor had originally filed under the converted chapter.

This conclusion is consistent with other applicable statutes, rules and the Local Interim Bankruptcy Rules. Section 521(a)(1)(B)(ii) requires all debtors to file a schedule of current income and current expenditures unless the court orders otherwise. Rule 1007(b)(4) states that unless Section 707(b)(2)(D) applies (it does not in these cases), a "debtor *in a chapter 7 with primarily consumer debts shall* file a statement of current monthly income prepared as prescribed by the appropriate Official Form ... ." (emphasis added). Each of the debtors in the instant cases is now "in a chapter 7" and therefore subject to the requirements of Rule 1007(b)(4). Because the appropriate Official Form for a Chapter 7 is B22A, LIBR 1007-1(b) requires the debtors to file the Chapter 7 Official Form B22A upon

Memorandum Decision - 9

conversion.[2] Rule 1019(2) provides for a new time period for filing a motion under Section 707(b) pursuant to Rule 1017. Rule 1017, in turn, provides that a motion under Section 707(b) must be filed within 60 days after the first date set for the meeting of creditors. Thus, after conversion, a motion under Section 707(b) would have to be filed within 60 days after the Chapter 7 Section 341 meeting.

Section 342(d) requires the Clerk to give notice to creditors "within 10 days after the date of the filing of the petition" if the presumption of abuse has arisen in a case. Section 348(c) states that Section 342 applies in a converted case "as if the conversion order were the order for relief." That language is effective to require the setting of a new Section 341 meeting under Section 342(a), which is based upon the "order for relief", but it provides no direction as to how the Clerk should comply with its duty to provide notice based upon the "date of the petition" in a converted case. The court in *Fox* regarded this inconsistency in the language as further proof that Congress did not intend to apply the presumption of abuse to converted cases. This Court is inclined to conclude that the inconsistency in the language in Section 342(d) is merely sloppy

---

[2] LIBR 1007-1(b) states that when a Chapter 7 case is converted to another Chapter, the debtor is required to file "amended schedules, statements, and documents required by Rule 1007(b)(1),(4),(5), and (6), Interim Fed. R. Bankr. P...."

Memorandum Decision - 10

drafting; had the reference in that section been to "order for relief" instead of to the petition date, there would be no confusion.[3]

For the foregoing reasons, the Court holds that Section 707(b) applies in cases converted from Chapter 13 to Chapter 7 and that each debtor in these cases is therefore required to file a Form B22A. This conclusion requires the Court to examine what information regarding income and expenses should be included in the form.

**B.   Income and Expenses**.

Section 707(b)(2)(C) requires the debtor to state, in the schedule of current income required under Section 521, his or her "current monthly income." This is the same language that appears in Section 707(b)(2)(A)(i), where the presumption of abuse is described. Current monthly income is expressly defined in Section 101(10A) as the debtor's average monthly income received in the six-month period preceding "the date of the commencement of the case." This definition is repeated in Form B22A, Part II, and in Form B22C, Part I, Line 1. The date of the "commencement of the case" does not change when the case is converted. Section

---

[3] In a converted case where the debtor has not filed Form B22A by the time the Section 341 meeting notice is issued, the Clerk may indicate that there is insufficient information to determine if there is a presumption of abuse. Following the filing of Form B22A, if the debtor has checked the box indicating that the presumption arises, the Clerk can send out notice to creditors of the existence of the presumption just as it does at the outset of cases filed originally under Chapter 7.

Memorandum Decision - 11

348(a). Consequently, it is clear that "current monthly income" in a converted case is determined based on the initial filing date, admittedly, a date that could be years prior to the conversion date.

Similarly, the means test analysis looks at the debtor's expenses, which are referred to as "deductions" in Form B22A. There are three categories of expenses: necessary expenses defined by the Internal Revenue Service, necessary expenses defined by statute, and allowances for debt payment. Wedoff, at 252. *See, also*, Section 707(b)(2)(A)(ii)-(iv). Neither the Code nor the Rules define the terms "current expenditures" as used in Section 521(a)(1)(B)(2) or "monthly expenses" as used in Section 707(b)(2)(A). Section 707(b)(2)(A)(ii)(I), however, refers to "Other Necessary Expenses issued by the Internal Revenue Service ... *as in effect on the date of the order for relief*." (emphasis added). Because Section 348(a) retains the original date of the order for relief notwithstanding subsequent conversion of the case, the Court holds that the debtors should include in Form B22A their expenses as of the original petition date. The alternative, to compare income from the six months prior to Chapter 13 filing to expenses as of the conversion date, makes no sense. The debtors correctly point out that this comparison would almost always give rise to a presumption of abuse where the conversion was the result of a post-filing loss of income or increase in expenses.

Memorandum Decision - 12

The debtors argue that using income and expense figures that predate the initial filing is misleading and does not present an accurate picture of their finances post-conversion. Whether the completed Form B22A would be misleading, however, would depend upon the time between the original filing of the case and the conversion date and any change of circumstances during that period of time. For example, in the case of the debtor in *Perfetto*, where the conversion occurred two weeks after the Chapter 13 case was filed, the information in Form B22A would be quite relevant and accurate. In the *Fox* case, where the debtor became unemployed after the petition was filed, Form B22A would not provide accurate information on the question of abuse. Instead, in the *Fox* case, the UST and creditors would obtain more accurate information from the debtor's post-conversion amended schedules I and J which, presumably, would demonstrate the lack of income to support expenses.

**C.     Form Over Substance.**

The debtors argue that even if the presumption of abuse may be applied to them, they should not be required to file Form B22A because it merely repeats the information contained in Form B22C. While that may be the case for these debtors, there are substantive differences between Forms B22A and B22C that may impact other debtors and change whether the presumption arises.

For example, joint debtors may complete a single Form B22C, but each joint debtor must complete a separate Form B22A; spousal

Memorandum Decision - 13

income is treated differently in Form B22A and B22C; disabled veterans are permitted an exclusion in Form B22A, but not in Form B22C; Chapter 13 debtors may deduct administrative costs of the Chapter 13 case in Form B22C, Part IV, Line 33, but may not in Form B22A, Part V (*see* Line 28); and a debtor whose income is equal to the median income is treated differently for purposes of Section 1325(b)(4) in Form B22C, Part II, Line 17 (debtor with income equal to median must propose five-year plan) than a debtor with the same income for purposes of Section 707(b)(7) in Form B22A, Part III, Line 15 (presumption of abuse does not apply to debtor whose income is equal to the median income). These illustrations highlight only some of the differences between the two forms. Rather than second guess the Bankruptcy Rules Committee responsible for designing Forms B22A and B22C, the Court concludes that the use of the forms for their intended purpose should be respected.

**D.   Motions to Dismiss under 707(b)**.

The debtors contend that the Court's decision will subject them to harassment by creditors who will bring motions under Section 707(b), relying on a presumption of abuse based upon outdated income or expense information. It is true that in revising Section 707(b) under BAPCPA, Congress expanded standing to bring a motion to dismiss under 707(b) to include any party in interest. The presumption of abuse, however, is just that - a presumption, and no more. The debtor has a right to rebut the

Memorandum Decision - 14

presumption with a showing of changed financial circumstances between the filing and conversion dates (*See* Section 707(b)(2)(B)). Parties in interest, before bringing motions to dismiss based solely on the presumption afforded in Section 707(b)(2), would be well advised to compare the debtor's post-conversion Form B22A with post-conversion amended schedules I and J to determine if the debtor's filing really is abusive.

This Court's decision probably will create additional proceedings that could be avoided under the holding in *Fox*. There is no requirement, however, that the process of conversion be free from hurdles. To be sure, BAPCPA was not designed to improve judicial efficiency. Rather, the intent was to prevent abuse of the relief available under the Bankruptcy Code. A debtor who files bankruptcy in good faith under Chapter 13, then subsequently suffers a financial setback that forces conversion to Chapter 7, should have no difficulty rebutting the presumption of abuse if the debtor's circumstances have legitimately worsened. On the other hand, a debtor who converts a case under circumstances similar to the debtor in the *Perfetto* case should be subjected to the same scrutiny for abuse as would any other debtor filing initially under Chapter 7.

Memorandum Decision - 15

**CONCLUSION**

For the foregoing reasons, the Court finds that each of the debtors is required to file Form B22A pursuant to Rule 1007(b)(4) and LIBR 1007-1(b).

DATED this 18th day of July, 2007.

_____
KAREN A. OVERSTREET
United States Bankruptcy Judge

Memorandum Decision - 16